**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

HEATHER A. MELTON,
      Appellant,

    v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBERS
CH-0752-09-0448-X-1
CH-0752-09-0448-C-1

DATE: January 21, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Heather A. Melton, Clarksville, Tennessee, pro se.

Katherine E. Griffis and Patrick Sweeney, Fort Campbell, Kentucky, for
    the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      This case is before the Board on the appellant's petition to enforce the
settlement agreement that resolved her appeal from an indefinite suspension. On
June 18, 2015, the Board ordered the agency to submit evidence that it properly
canceled the appellant's health insurance premium debt and reimbursed her for

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

any wage garnishments it collected after August 5, 2010. *See Melton v. Department of the Army*, MSPB Docket No. CH-0752-09-0448-C-1, Order, (June 18, 2015); Compliance Referral File (CRF), Tab 1 at ¶ 8.

¶2      The agency has responded with evidence that it canceled the appellant's remaining debt of $2,929.29. CRF, Tab 14 at 5 (letter from the agency to the appellant), 6 ("master record" indicating that remaining debt has been canceled). In addition, the agency has shown that it reimbursed the appellant for wage garnishments in the amount of $2,998.72. CRF, Tab 21 at 5. The appellant initially stated that she had not received the reimbursement money and indicated that she would "refuse it if it ever arrives." CRF, Tab 19 at 3. Subsequently, however, she produced a photocopy of a check from the United States Treasury made out to her in the amount of $2,998.72. CRF, Tab 22 at 19. In addition, the appellant asserts that "there is over $5,000 that was taken from me illegally and without notice due to their spreadsheets and made up letters." CRF, Tab 15 at 4. She has not, however, shown any error in the agency's accounting. *See Kramer v. Department of the Navy*, 46 M.S.P.R. 187, 190 (1990) (finding that, under settled contract law, the party alleging breach of a settlement agreement has the burden of proving such breach).[2]

¶3      Accordingly, for the reasons discussed above, we find the agency in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

---

[2] The appellant raises various issues in her pleadings that are unrelated to compliance issues that are before the Board. These proceedings are limited to the enforcement of the terms of the settlement agreement that was entered into the record. *See* 5 C.F.R. §§ 1201.181(a), 1201.182(a) (2015).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website,  http://www.mspb.gov/appeals/uscode.htm.   Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at  http://www.mspb.gov/probono  for  information  regarding  pro  bono representation for Merit Systems Protection Board appellants before the Federal Circuit.                                                                                              The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:        _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.